IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20807

_____


PONTOON SHIPPING COMPANY LIMITED (CYPRUS),

Plaintiff - Counter Defendant - Appellee,

v.

NORTH AMERICAN MARINE INCORPORATED,
ANTHONY POGOURTZIS

Defendant - Counter Claimant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas
(H-95-CV-1074)
_____
March 14, 1997

Before KING, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

North American Marine Incorporated ("NAM") appeals an order
of the district court releasing the security posted by Pontoon
Shipping Company (Cyprus) ("Pontoon").  Finding no error, we
affirm.

I.      BACKGROUND

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

On February 23, 1995, Pontoon, through its management company, contracted with NAM for the repair of the rudder on its ship, the M/V ZOUZOU. A disagreement arose about the cost of the repairs after the rudder had been removed from the vessel and NAM had begun repairing it. Pontoon demanded that NAM return Pontoon's property, and filed suit on April 13, 1995, under Supplemental Admiralty Rule D, in the district court. NAM counterclaimed.

As part of the suit and countersuit, Pontoon agreed to post security to avoid the arrest of the M/V ZOUZOU or any of its other property. A magistrate judge ordered Pontoon to post security of $200,000, and ordered NAM to return the rudder and related equipment to Pontoon.[2]

Pontoon tendered the ordered security and filed a motion for countersecurity under Supplemental Admiralty Rule E(7).[3] The

---

[2]The magistrate judge reduced the security amount to $172,000 to reflect Pontoon's own payment for services on and retrieval of the lower pintle, external and internal bushing, and key for this equipment from a third party to which NAM had contracted work on the rudder.

[3]Supplemental Admiralty Rule E(7) sets out, in pertinent part

> Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim, unless the court, for cause shown, shall otherwise

2

magistrate judge granted Pontoon's motion for countersecurity. NAM appealed the magistrate judge's decision to the district judge. The district judge, finding NAM financially unable to post security, vacated the magistrate judge's order that NAM post countersecurity. The district judge also, however, released the security that had been posted by Pontoon. NAM appealed this portion of the district court's order.

This court determined in a prior review of this case that because the district court did not give written reasons for its release of the security posted by Pontoon, it could not ascertain whether the district court had properly exercised its discretion.[4] We therefore remanded the case to the district court for a statement of its reasons for the release. We now review to determine whether the district court properly exercised its discretion.

## II. DISCUSSION

In our prior review of this case we noted the importance or preserving the utility of maritime liens. *See Titan Navigation,*

---

direct; and proceedings on the original claim shall be stayed until such security is given, unless the court otherwise directs.

[4]Our jurisdiction to consider the appeal was also at issue in our prior review. The court held that the order releasing defendants' security was appealable under both 28 U.S.C. § 1291 and the collateral-order doctrine. *See Incas & Monterey Printing & Packaging, Ltd. v. M/V SANG JIN,* 747 F.2d 958, 962-63 (5th Cir. 1984).

*Inc. v. Timsco, Inc.*, 808 F.2d 400, 404 (5th Cir. 1987) ("the guidon for this analysis is the court's obligation to preserve the integrity of maritime liens"). Nevertheless, the court held in *Titan Navigation, Inc. v. Timsco, Inc.* that in limited circumstances the district court may, in its discretion, release the security of a maritime party. *See id.* at 405.

The court held in *Titan Navigation* that the security could be released if the party claiming the need for security "would be adequately protected by its *in personam* action", including the notion that the adverse party "could respond in damages should it be so cast." *See id.* at 405. We also noted that the release should not impair "the fundamental utility of maritime liens, *i.e.* as an inducer of credit for a ship's needed goods and services." *See id.* The court held that a district court would not abuse its discretion in releasing a party's security under factual circumstances that meet these requirements, even though the release would "force a lien-holder to relinquish a privileged position because of a financial inability to post countersecurity." *See id.*

On remand, the district court set forth reasons sufficient to sustain its release of Pontoon's security under the abuse of discretion standard. The district court noted that NAM is adequately protected by its *in personam* action against Pontoon. The district court recognized that a large portion of NAM's

damage claims have either already been paid by Pontoon or were expenses that NAM did not incur in the first place. The district court also observed that NAM's claims would be in the nature of an offset should both parties prevail on their claims. Additionally, the district court held that, even if Pontoon were to fail on its claims against NAM, NAM's claimed damages are in an amount that Pontoon is financially able to pay. The district court noted, in conjunction with Pontoon's ability to pay damages, that the factual circumstances of the case indicate Pontoon's intent to litigate the case.

The district court also held that the release would not impair the fundamental utility of maritime liens as an inducer of credit for a ship's needed goods and services because Pontoon's intention in its Rule E(7) motion before the magistrate judge was to gain countersecurity.[5] The district court, cognizant of the facts attendant to Pontoon's motion, was within its discretion in determining that the release would not threaten the integrity of maritime liens.

### III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's release of the security posted by Pontoon.


The motion to withdraw as counsel is GRANTED.

---

[5]Pontoon originally only requested "other relief as is proper" in its motion before the magistrate judge.